*995 OPINION.
MoRRis:
The reason assigned by the respondent in his deficiency notice for denying the right of affiliation of these companies, that is, that a minority stockholder was elected president and director during the taxable year, is wholly untenable. The test for determining whether two or more corporations are affiliated within the meaning of the Act is not whether a minority or a majority stockholder is at the head of the corporation or exercising influence or control by virtue of his position as such officer, but, as provided in section 240 (b) of the Revenue Act of 1918, whether (a) one corporation owns directly Or controls through closely affiliated interests or by nominees substantially all of the stock of another, or (b) substantially all the stock of two or more corporations is owned or controlled by the same interests.
The admitted facts show that 746 shares of the capital stock of the petitioner, of the total issue of 750 shares, were recorded in the names of Ella M. Cunningham, mother of F. S. Cunningham and Mrs. Willie A. Westbrook, F. S. Cunningham, who died in 1918, and Mrs. Willie A. Westbrook; that 99 of the total issue of 100 shares of capital stock of Norborne Fuel, Ice & Light Co. were recorded in the name of the aforesaid Ella M. Cunningham, F. S. Cunningham, Mrs. Willie A. Westbrook, and Alwine Beckemeier; and that the stock recorded in the name of F. S. Cunningham, who died in 1918, was voted by his widow, Katherine Cunningham, admin-istratrix of his estate.
The respondent, in his brief, calls attention to the fact that Alwine Beckemeier held 16 per cent of the stock of the Norborne Fuel, Ice *996 & Light Co. and that she was not a stockholder in the petitioner during the taxable year, and he contends that where there is a 16 per cent uncontrolled minority interest and where the holder of said minority interest is president of the company and where the two companies to be affiliated are in entirely dissimilar businesses, there can be no affiliation. The respondent cites no authority in support of this contention, nor do we find any justification in the statute, or in the decided cases, for such a rule. The test laid down by the statute affecting the facts of this case is whether substantially all of the stock of these two corporations is owned or controlled by the same interests, and if we so find from the facts, we have no other alternative than to order the corporations affiliated for tax purposes.
Considering the number of shares of stock held by the three principal stockholders of the two companies, their relationship with each other, and with the minority stockholders, and all other surrounding circumstances, we are of the opinion that the test of the statute requiring that substantially all of the stock of two or more corporations be owned or controlled by the same interests has been amply met, and that the respondent erred in denying the petitioner the right of affiliation with the Norborne Fuel, Ice & Light Co. during the year 1920.

Judgment will he entered under Rule 50.